IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-36-GMS |
| | : | |
| ANTHONY RODRIGUEZ, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

Defendant, Anthony Rodriguez, through his counsel, Eleni Kousoulis, hereby moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing for use by the government any and all evidence seized from Mr. Rodriguez, on or about January 18, 2007, including any and all of Mr. Rodriguez' statements made to law enforcement officers.

In support of this motion the defense submits as follows:

1.      On January 18, 2007, a security officer inside of Value City Department Store allegedly observed Mr. Rodriguez and another individual concealing items from the store underneath their clothing.  The security officer made  all of his alleged observations through the store's closed circuit video system.  Mr. Rodriguez and the other individual with him were subsequently detained by store security on suspicion of shoplifting.  Delaware State Police responded to the store and

subsequently searched Mr. Rodriguez, allegedly recovering a firearm from inside of his sock.[1]

2.      En route to the police station, Mr. Rodriguez is alleged to have waived his <u>Miranda</u> rights and to have made several incriminating statements regarding the firearm recovered by police.

3.      The Fourth Amendment prohibits unreasonable searches and seizures.  It is well-settled law that searches and seizures conducted without a warrant are per se unreasonable, and will only be allowed if they fall within a few well-delineated exceptions.  <u>United States v. Katz</u>, 389 U.S. 347, 357 (1967).

4.      A seizure occurs at the application of physical force to restrain an individual or when the individual submits to a showing of authority by law enforcement officers.  <u>United States v. Brown</u>, 448 F.3d 239, 245 (3d Cir. 2006) (citing <u>California v. Hodari D.</u>, 499 U.S. 621, 626 (1991). Mr. Rodriguez was clearly seized in this case when he was detained in the store and not permitted to leave.

5.      In the present case, there was no probable cause or reasonable suspicion to justify the stop and seizure of Mr. Rodriguez.  Even assuming that Mr. Rodriguez had in his possession items from the store, he made no attempt to leave the store without paying for the items.  Mr. Rodriguez was seized while still in the store.  The evidence is insufficient to establish reasonable suspicion or probable cause to justify Mr. Rodriguez' seizure by law enforcement officers in this case.  Thus, any subsequent search of Mr. Rodriguez was illegal and in violation of the United States Constitution. Because the seizure was illegal, all evidence seized as a result of this illegal seizure, including any

---

[1]Any facts contained in this motion were taken from the police reports and affidavits prepared with regard to this case.  By including these facts in his pre-trial motion, Mr. Rodriguez in no way concedes that events transpired as stated in these reports.  It is Mr. Rodriguez' position that an Evidentiary Hearing is needed to further develop the facts with regard to this motion through the adversarial process.

statements taken from Mr. Rodriguez following his arrest, must be suppressed in accordance with the "fruit of the poisonous tree doctrine", as was expressed in <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963).

6.      Mr. Rodriguez also moves under the Fifth Amendment and <u>Miranda</u> to suppress any statements he allegedly made during, or subsequent to, his illegal search and seizure.  According to <u>Jackson v. Denno</u>, 378 U.S. 368, 380 (1964):  "[a] defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually, and reliably determined."  Once the defendant raises the issue regarding the admissibility of a statement the government bears the burden of establishing compliance with <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) and its progeny.  <u>See</u> <u>Miranda</u>, 384 U.S. at 475.

7.      It is a fundamental principle that a suspect subjected to custodial interrogation must be advised of his rights before making a statement.  <u>Miranda</u>, 384 U.S. 436.  If a statement is obtained, the government has a heavy burden of proving the suspect waived his rights knowingly, intelligently, and voluntarily.  <u>Id</u>. at 444.

8.      In the present case, there was no affirmative indication of understanding or voluntary waiver of the entire litany of constitutional rights.  <u>See</u> <u>Miranda</u>, 384 U.S. at 473-74 (discussing that each right must be explained and attendant rights, such as the right to appointed counsel, must also be specifically explained and understood by the defendant).  The government has provided no evidence indicating that Mr. Rodriguez ever waived his rights, or that any waiver was a knowing, intelligent, or voluntary waiver.

**WHEREFORE**, Mr. Rodriguez respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and subsequently enter an Order to suppress the

evidence and statements as discussed above.

Respectfully submitted,


_____/s/_____

Eleni Kousoulis, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010
ecf_de@msn.com
Attorney for Defendant Anthony Rodriguez


DATED: July 9, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :        Criminal Action No. 07-36-GMS
                                   :
ANTHONY RODRIGUEZ,                 :
                                   :
        Defendant.                 :

**ORDER**

The Court having considered Defendant Rodriguez' Motion to Suppress Evidence and

Statements and good cause having been shown therefore;

IT IS HEREBY ORDERED this _____ day of _____, 2007, that any

evidence seized at the time of Mr. Rodriguez' arrest in this case, including any statements made by

Mr. Rodriguez, shall be suppressed.


                                          _____
                                          Honorable Gregory M. Sleet
                                          United States District Court